# NO. 12-23-00320-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE* |
| *PHILIP J. EMERSON, JR.* | § | *COUNTY COURT* |
| | § | *WOOD COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

On December 15, 2023, Philip J. Emerson, acting pro se, filed a notice of appeal to challenge a September 7, 2023, order of denial and dismissal.[1]

In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3. The Wood County online records do not reflect that Emerson filed a timely motion for new trial. He filed a pro se

---

[1] Emerson has been declared vexatious. However, this is a criminal proceeding, and the vexatious litigant statute does not apply. *See **Ex Parte Ross**,* No. 12-16-00078-CV, 2017 WL 605090, at *2 (Tex. App.—Tyler Feb. 15, 2017, orig. proceeding) (mem. op.) (trial court abused discretion by declaring Ross vexatious because his filings within applicable time frame were criminal in nature and he did not have requisite number of previous civil litigations to qualify as vexatious); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2) (West 2017) ("Litigation" means a civil action commenced, maintained, or pending in any state or federal court).

notice of appeal on December 15, after expiration of the time for filing a timely notice of appeal and did not file a motion for extension of time.

On December 20, 2023, this Court notified Emerson that the notice of appeal failed to show the jurisdiction of the Court, namely, there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for extension to file same. *See* TEX. R. APP. P. 37.2. We further notified Emerson that the appeal would be dismissed unless the information was amended on or before January 2 to show the jurisdiction of the Court. Emerson filed various motions, but none establish the jurisdiction of this Court.

"[A]ppeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." **State ex rel. Lykos v. Fine**, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[2] *See* TEX. R. APP. P. 26.2, 26.3; *see also* **Slaton v. State**, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); **Olivo v. State**, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because Emerson's notice of appeal was not timely filed and he did not file a motion for extension with this Court within the time prescribed by Rule 26.3, we **dismiss** his appeal for **want of jurisdiction**. *See* **Olivo**, 918 S.W.2d at 522*; see also* TEX. R. APP. P. 43.2(f). All pending motions are **overruled as moot**.

Opinion delivered January 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See* **Ater v. Eighth Court of Appeals**, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* **Kossie v. State**, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2024**

**NO. 12-23-00320-CR**

**EX PARTE: PHILIP J. EMERSON, JR.**

Appeal from the County Court
of Wood County, Texas (Tr.Ct.No. 7689)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*